UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY E. SCHOENBORN,            )
Individually and as Personal            )
Representative of the Estate of         )
MARTHA S. SCHOENBORN, Deceased )
3225 Ravensworth Place                )
Alexandria, Virginia  23302            )
                                       )
         Plaintiff,                    )
                                       )
    v.                                 )
                                       )
WASHINGTON METROPOLITAN          )
AREA TRANSIT AUTHORITY           )
600 Fifth Street, N.W.                 )
Washington, D.C.  20001                )
                                       )
    Serve: Carol B. O'Keeffe           )
           General Counsel, WMATA      )
           600 Fifth Street, N.W.      )
           Washington, D.C.  20001     )
                                       )
         Defendant.                    )
                                       )

COMPLAINT
(Wrongful Death and Survival Action)

COMES NOW Plaintiff Gregory E. Schoenborn, individually and in his capacity as personal and legal representative of decedent, Martha S. Schoenborn, and for his Complaint against Defendant The Washington Metropolitan Area Transit Authority ("WMATA") states as follows:

JURISDICTION

1.      Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Authority Compact (the "Compact"), which establishes original jurisdiction in

1

this Court over WMATA matters pursuant to the Compact, Art. III § 4 and Art. XVI § 81, adopted in the District of Columbia Code at § 9-1107.10.

2. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391, insofar as the events giving rise to this action took place exclusively in the District of Columbia and WMATA is located in this federal judicial district.

## PARTIES

3. Plaintiff Gregory E. Schoenborn is an adult resident of Alexandria, Virginia, residing at 3225 Ravensworth Place, Alexandria, Virginia 23302. He brings this action individually and in his capacity as the personal and legal representative and administrator of the estate of his deceased wife, Martha S. Schoenborn.

4. At the time of her death, Martha S. Schoenborn was a fifty-nine year old resident of Alexandria, Virginia, where she resided with her husband, Plaintiff Gregory E. Schoenborn. She is survived by her husband and her adult daughter, Kimberly Pifer.

5. Upon information and belief, Defendant WMATA (hereinafter "Defendant" or "WMATA"), created effective February 20, 1967, is an interstate compact agency and, by the terms of its enabling legislation, is an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia.

6. At all relevant times, Defendant WMATA was the owner of the transit bus being operated by Victor Z. Kolako. At all relevant times, Mr. Kolako was acting in the course and scope of his employment and/or agency with WMATA, thereby rendering WMATA vicariously liable for all of Mr. Kolako's tortious acts and omissions in causing

2

Martha S. Schoenborn's death. WMATA is also liable for Mr. Kolako's tortious acts and omissions pursuant to Article XV § 80 of the Compact and pursuant to WMATA's June 15, 2006, Revised Indemnification Policy, Resolution Number 2006-32.

## FACTS

7. On February 14, 2007, at approximately 6:25 p.m., Martha S. Schoenborn was a pedestrian lawfully crossing Pennsylvania Avenue, N.W. at its intersection with 7th Street, N.W., Washington D.C., and walking north in the marked crosswalk with a "walk" sign and green light for her direction of traffic.

8. Ms. Schoenborn was walking in the crosswalk in close proximity to her friend, co-worker and neighbor, Sally D. McGhee.

9. At the same time that Ms. Schoenborn was crossing Pennsylvania Avenue, N.W., WMATA bus 2124, owned by Defendant and permissively operated by its employee/agent, Victor Z. Kolako, was traveling Route 54 to Takoma and attempting to make a left turn from northbound 7th Street, N.W. onto Pennsylvania Avenue, N.W.

10. Suddenly and without warning, at approximately 6:25 p.m. on February 14, 2007, Ms. Schoenborn was struck from behind and/or the side by the WMATA bus when Victor Z. Kolako executed a negligent left turn onto Pennsylvania Avenue, N.W.

11. Victor Z. Kolako failed to keep a proper look out, focused his attention on beating the oncoming (southbound) traffic on 7th Street, N.W. through the intersection, and made the turn abruptly to avoid the oncoming traffic.

12. Upon information and belief, witnesses saw Victor Z. Kolako focus his attention on the oncoming traffic as opposed to the traffic and/or pedestrians on, along, and/or across Pennsylvania Avenue, N.W., immediately prior to striking and driving over

Ms. Schoenborn. At all relevant times, Ms. Schoenborn had the absolute right of way, superior to that of Mr. Kolako, and at no time did Ms. Schoenborn act in a negligent manner, nor did she assume any risk.

13.     Victor Z. Kolako struck Ms. Schoenborn and Ms. McGhee in the crosswalk on Pennsylvania Avenue, N.W., in or about the second lane of traffic from the northern curb at Pennsylvania Avenue, drove over them, and they were pulled under the bus. Mr. Kolako continued driving his bus approximately fifty (50) more yards beyond the crosswalk before stopping his vehicle.

14.     Ms. Schoenborn was given emergency treatment on the scene before being taken by ambulance to George Washington University Hospital, where she was treated for her injuries before eventually being pronounced dead at 7:03 p.m. due to multiple blunt impact and crushing injuries.

15.     Upon information and belief, Ms. McGhee was pronounced dead at the scene.

16.     At the time of the occurrence, Victor Z. Kolako was an agent and/or employee of Defendant and was operating the bus within the course and scope of his employment and/or agency with Defendant, which is vicariously liable and otherwise legally responsible for his actions.

17.     At the time of the occurrence, Victor Z. Kolako was operating the WMATA bus with the consent of Defendant.

18.     Following the occurrence, Victor Z. Kolako was charged with two counts of negligent homicide. Upon information and belief, and as a direct and proximate result

of his negligent actions as aforesaid, WMATA terminated his employment on or about March 12, 2007.

## COUNT I
### (Wrongful Death: Negligence and Negligence *Per Se*)

19. Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20. This claim for wrongful death is brought by Plaintiff Gregory E. Schoenborn individually and as personal representative of the decedent, Martha S. Schoenborn, pursuant to D.C. Code Ann. § 16-2701. Plaintiff was appointed decedent's personal and legal representative on March 19, 2007.

21. All acts and omissions of Defendant's agent, servant, and/or employee, Victor Z. Kolako, were carried out within the scope of his employment and/or agency while performing a proprietary function as an employee of WMATA, rendering WMATA legally and statutorily liable.

22. The aforesaid incident was caused by and was the direct, sole, and proximate result of the negligence of Defendant's agent, servant, and/or employee.

23. Defendant, through its agent, servant, and/or employee, had a duty of care to operate the WMATA bus in a proper fashion with the degree of care and skill that a responsibly competent driver would have exercised under similar circumstances.

24. Defendant, through its agent, servant, and/or employee, breached the aforesaid duty of care and was negligent in the following ways, *inter alia*:

    (a) Failure to maintain proper control of the WMATA bus;

    (b) Failure to pay full time and attention to the operation of the WMATA bus;

    (c) Failure to keep a proper lookout;

(d) Failure to operate the WMATA bus at a speed so controlled as necessary to avoid colliding with a pedestrian;

(e) Failure to yield the right-of-way to a pedestrian lawfully crossing the roadway in a pedestrian crosswalk;

(f) Failure to apply the brakes of the WMATA bus in a timely manner;

(g) Failure to operate the WMATA bus safely,

(h) Failure to see Martha S. Schoenborn;

(i) Failure to warn Martha S. Schoenborn;

(j) Failure to adhere to the applicable motor vehicle laws and regulations then and there in full force and effect in the District of Columbia.

25. By violating District of Columbia Municipal Regulations designed to protect pedestrians like Ms. Schoenborn, Defendant's agent, servant, and/or employee, was also negligent *per se* in the following ways, *inter alia*:

(a) Failure to exercise due care to avoid colliding with a pedestrian, in violation of Title 18, Chapter 2300.2 of the District of Columbia Municipal Regulations; and

(b) Failure to give an audible signal when necessary, in violation of Title 18, Chapter 2300.2 of the District of Columbia Municipal By violating District of Columbia Municipal Regulations designed to protect pedestrians like Ms. Schoenborn, Defendant's agent, servant, and/or employee, was also negligent *per se* in Regulations;

26. By violating District of Columbia Municipal Regulations designed to protect pedestrians like Ms. Schoenborn, Defendant's agent, servant, and/or employee was also negligent *per se* in failing to yield the right-of-way to a pedestrian facing a "walk" signal proceeding across the roadway in the direction of the signal, in violation of Title 18, Chapter 2302.2 of the District of Columbia Municipal Regulations.

27. Martha S. Schoenborn's death was a direct and proximate result of the aforesaid wrongful acts and neglect of Defendant's agent, servant and/or employee.

28. Martha S. Schoenborn acted properly in all respects and was free from negligence in connection with this incident.

29. As a direct and proximate result of the negligent and/or wrongful acts and/or omissions of Defendant's employee and/or agent, decedent's statutory beneficiaries have suffered financial loss, loss of gifts, contributions, services, care, and support of decedent, and incurred medical expenses, funeral services and expenses, and other losses and damages, which shall be proven at trial.

WHEREFORE, Plaintiff Gregory E. Schoenborn, individually and as personal and legal representative of decedent, Martha S. Schoenborn, requests that the Court enter judgment in his favor and against Defendant, as follows: (1) compensatory damages in an amount not less than Fifty Million Dollars ($50,000,000.00), which shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

## COUNT II
### (Survival Action: Negligence and Negligence *Per Se*)

30. Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

31. This survival action is brought by Plaintiff Gregory E. Schoenborn as the personal and legal representative of the decedent, Martha S. Schoenborn, pursuant to D.C. Code Ann. §12-101, and is brought on behalf of the decedent's estate.

32. All acts and omissions of Defendant's agent, servant, and/or employee, Victor Z. Kolako, were carried out within the scope of his employment and/or agency while performing a proprietary function as an employee of WMATA, rendering WMATA legally and statutorily liable.

33. The aforesaid incident was caused by and was the direct, sole, and proximate result of the negligence of Defendant's agent, servant, and/or employee.

34. Defendant, through its agent, servant, and/or employee, had a duty of care to operate the WMATA bus in a proper fashion with the degree of care and skill that a responsibly competent driver would have exercised under similar circumstances.

35. Defendant, through its agent, servant, and/or employee, breached the aforesaid duty of care and was negligent in the following ways, *inter alia*:

    (a) Failure to maintain proper control of the WMATA bus;

    (b) Failure to pay full time and attention to the operation of the WMATA bus;

    (c) Failure to keep a proper lookout;

    (d) Failure to operate the WMATA bus at a speed so controlled as necessary to avoid colliding with a pedestrian;

    (e) Failure to yield the right-of-way to a pedestrian lawfully crossing the roadway in a pedestrian crosswalk;

    (f)    Failure to apply the brakes of the WMATA bus in a timely manner;

    (g)    Failure to operate the WMATA bus safely;

    (h)    Failure to see Martha S. Schoenborn;

    (i)    Failure to warn Martha S. Schoenborn;

    (j)    Failure to adhere to the applicable motor vehicle laws and regulations then and there in full force and effect in the District of Columbia.

36.    By violating District of Columbia Municipal Regulations designed to protect pedestrians like Ms. Schoenborn, Defendant's agent, servant, and/or employee, was also negligent *per se* in the following ways, *inter alia*:

    (a)    Failure to exercise due care to avoid colliding with a pedestrian, in violation of Title 18, Chapter 2300.2 of the District of Columbia Municipal Regulations; and

    (b)    Failure to give an audible signal when necessary, in violation of Title 18, Chapter 2300.2 of the District of Columbia Municipal By violating District of Columbia Municipal Regulations designed to protect pedestrians like Ms. Schoenborn, Defendant's agent, servant, and/or employee, was also negligent *per se* in Regulations;

37.    By violating District of Columbia Municipal Regulations designed to protect pedestrians like Ms. Schoenborn, Defendant's agent, servant, and/or employee was also negligent *per se* in failing to yield the right-of-way to a pedestrian facing a

"walk" signal proceeding across the roadway in the direction of the signal, in violation of Title 18, Chapter 2302.2 of the District of Columbia Municipal Regulations.

38. Martha S. Schoenborn's death was a direct and proximate result of the aforesaid wrongful acts and neglect of Defendant's agent, servant and/or employee.

39. Martha S. Schoenborn acted properly in all respects and was free from negligence in connection with this incident.

40. Between the time when Defendant's bus first struck Martha S. Schoenborn, and the time of her death, Ms. Schoenborn was conscious, aware of her impending death, and/or suffered extreme conscious physical, mental, and emotional pain and suffering.

41. As a direct and proximate result of the negligence of Defendant's employee and/or agent, the decedent, Martha S. Schoenborn, suffered extreme conscious physical pain and bodily injury, disfigurement, and/or deformity, physical and emotional suffering, inconvenience and discomfort, and mental anguish prior to her untimely and horrific death.

42. As a further direct and proximate result of the negligence of Defendant's employee and/or agent, the decedent, Martha S. Schoenborn, incurred medical and hospital expenses, as well as past and future loss of earning capacity.

WHEREFORE, Plaintiff Gregory E. Schoenborn, in his capacity as personal representative of decedent, Martha S. Schoenborn, requests that the Court enter judgment in his favor and against the Defendant, as follows: (1) compensatory damages in an amount not less than Fifty Million Dollars ($50,000,000.00), which shall be proven at

trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

## JURY TRIAL REQUESTED

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

                Respectfully submitted,

                GREGORY E. SCHOENBORN,
                Individually and as Personal Representative of the
                Estate of MARTHA S. SCHOENBORN, Deceased

By: _/s/ Peter C. Grenier_
       Peter C. Grenier, Esq., D.C. Bar #418570
       Michael K. Hibey, Esq., D.C. Bar #502890
       BODE & GRENIER, L.L.P.
       1150 Connecticut Avenue, N.W.
       Ninth Floor, Connecticut Building
       Washington, D.C. 20036-0000
       (202) 828-4100
       (202) 828-4130 - facsimile

Dated: March 19, 2007

JS-44
(Rev. 2/01 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Gregory E. Schoenborn, Individually and as Personal Representative of the Estate of Martha S. Schoenborn, Deceased
3225 Ravensworth Place, Alexandria, Virginia 22302

## DEFENDANTS

Washington Metropolitan Area Transit Authority
600 Fifth Street, N.W.
Washington, D.C. 20001

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Peter C. Grenier, Esq. (D.C. Bar 418570)
Bode & Grenier, LLP
1150 Connecticut Ave., NW, Ninth Floor
Washington, DC 20036
202-828-4100 (telephone)  202-828-4130 (fax)

ATTORNEYS (IF KNOWN)

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
● 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR DIVERSITY CASES ONLY!)   (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select **one** category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ● B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
WMATA Compact § 81; D.C. Code Ann. § 9-1107.10. Wrongful Death, Survival based on Negligence, Negligence Per Se; death caused by WMATA bus.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ $50,000,000.00  Select YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO  If yes, please complete related case form.

DATE March 19, 2007    SIGNATURE OF ATTORNEY OF RECORD _Peter C. Grenier_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.