UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY E. SCHOENBORN, Individually and as Personal Representative of the Estate of MARTHA S. SCHOENBORN, Deceased.<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY 600 5th St., N.W. Washington, D.C. 20001<br><br>Defendant. | 1:07 cv 00544 (RMU) |

**ANSWER AND JURY DEMAND**

Comes now the Defendant, Washington Metropolitan Area Transit Authority (hereinafter "WMATA"), by and through the undersigned counsel, and for its Answer to the Complaint, states as follows:

FIRST DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

SECOND DEFENSE

JURISDICTION

1. The allegations of paragraph 1 of the Complaint are admitted.

2. The allegations of paragraph 2 of the Complaint are admitted.

## PARTIES

3. The allegations of paragraph 3 of the Complaint are denied for lack of knowledge.

4. The allegations of paragraph 4 of the Complaint are denied for lack of knowledge.

5. The allegations of paragraph 5 of the Complaint are admitted.

6. The Defendant admits that it was the owner of the bus operated by Victor Kolako, and that Victor Kolako was acting within the course and scope of his employment on February 14, 2007. WMATA admits that consistent with the law of the District of Columbia employers are generally liable for the negligent acts of their employees which are committed within the course and scope of their employment. To the extent the allegations of paragraph 6 are inconsistent with the foregoing, they are denied. In addition, to the extent that the allegations of paragraph 6 amount to an incomplete and inaccurate statement of law they are denied.

## FACTS

7. The Defendant admits, based upon the information currently in its possession, that Martha S. Schoenborn was crossing Pennsylvania Avenue, N.W. at approximately 6:25 p.m. on February 14, 2007. However, WMATA does not have information sufficient to respond to the remaining allegations made in the Complaint. Therefore, pursuant

to Rule 8(b) of the Rules of Civil Procedure, the remaining allegations are denied.

8. WMATA does not have information sufficient to respond to the allegations contained in paragraph 8 of the Complaint. WMATA reserves the right to deny the allegations should evidence obtained during the course of the litigation provide a basis therefor.

9. The allegations of paragraph 9 are admitted.

10. The Defendant admits that Martha Schoenborn was struck by the bus at approximately 6:25 p.m. on February 14, 2007. However, the Defendant is without information sufficient to permit it to admit or deny the remaining allegations in paragraph 10.

11. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 11.

12. The allegation of paragraph 12 that Ms. Shoenborn had the "absolute right of way" is a legal conclusion, which is denied. Because the Defendant does not have sufficient information regarding the remaining allegations of paragraph 12, it can neither admit nor deny them.

13. Defendant is without information sufficient to permit it to admit or deny the allegations in paragraph 13.

14. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 14.

15. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 15.

16. WMATA admits that Mr. Kolako was an employee of the Defendant, and that at the time of the accident he was acting within the course and scope of his employment. WMATA admits that, consistent with the law of the District of Columbia, employers are generally liable for the negligent acts of their employees which are committed within the course and scope of their employment. To the extent the allegations of paragraph 16 are inconsistent with the foregoing, they are denied. In addition, to the extent that the allegations of paragraph 16 amount to an incomplete and inaccurate statement of law they are denied.

17. The allegations of paragraph 17 are admitted.

18. The Defendant admits that Mr. Kolako was charged with negligent homicide, and that he was discharged from employment as a result of the incident on or about March 12, 2007. To the extent that the allegations of paragraph 18 are inconsistent with the foregoing, they are denied.

### COUNT I

(Wrongful Death: Negligence and Negligence Per Se)

19. The responses set forth in paragraphs 1 through 18 are incorporated here by reference as if set forth here verbatim.

20. Upon information and belief the allegations of paragraph 20 are

     admitted.

21. The Defendant admits that the actions of Victor Kolako referenced in the Complaint were carried out within the course and scope of his employment with WMATA, and that consistent with the law of the District of Columbia employers are generally liable for the negligent acts of their employees which are committed within the course and scope of their employment. To the extent the allegations of paragraph 21 are inconsistent with the foregoing, they are denied. In addition, to the extent that the allegations of paragraph 21 amount to an incomplete and inaccurate statement of law they are denied.

22. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 22.

23. The allegations of paragraph 23 amount to an incomplete and inaccurate statement of law and are, therefore, denied.

24. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 24.

25. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 25.

26. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 26.

27. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 27.

28. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 28.

29. The Defendant admits generally that the decedent Martha Schoenborn's statutory beneficiaries have suffered losses. The Defendant is without information sufficient to permit it to admit or deny any specific allegations regarding the type of losses, and thus to the extent the allegations of paragraph 29 are inconsistent with the foregoing admission, they are denied.

## COUNT II

(Survival Action: Negligence and Negligence Per Se)

30. The responses set forth in paragraphs 1 through 29 are incorporated here by reference as if set forth here verbatim.

31. Upon information and belief the allegations of paragraph 31 are admitted.

32. The Defendant admits that the actions of Victor Kolako referenced in the Complaint were carried out within the course and scope of his employment with WMATA, and that, consistent with the law of the District of Columbia, employers are generally liable for the negligent acts of their employees committed within the course and scope of their employment. To the extent the allegations of paragraph 32 are inconsistent with the foregoing, they are denied. In addition, to the extent that the allegations of paragraph 32 amount to an incomplete

and inaccurate statement of law they are denied.

33. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 33.

34. The allegations of paragraph 34 amount to an incomplete and inaccurate statement of law and are, therefore, denied.

35. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 35.

36. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 36.

37. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 37.

38. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 38.

39. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 39.

40. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 40.

41. The Defendant is without information sufficient to permit it to admit or deny the allegations of paragraph 41.

42. The Defendant admits generally that the decedent Martha Schoenborn incurred losses as a result of the incident.  However, the Defendant is without information sufficient to permit it to admit or deny any

specific allegations regarding the type of losses, and thus to the extent the allegations of paragraph 42 are inconsistent with the foregoing admission, they are denied.

### THIRD DEFENSE

The Defendant reserves the right to defend this action on the basis that the Plaintiff's decedent was contributorily negligent, and /or that she assumed the risk of injury, should the evidence provide a basis therefor.

### FOURTH DEFENSE

Damages in this action are limited to those permitted by the Wrongful Death Act, D.C. Code Ann. §16-2701(1981) and by the Survival Act, D.C. Code Ann. §12-101 (1981).

### FIFTH DEFENSE

Some or all of Plaintiff's claims may be barred by Defendant's governmental immunity under the WMATA Compact, D.C. Code Ann. §9-1107.01 (80) (2001).

The Defendant reserves the right to rely upon any and all defenses available from the evidence presented at the trial of this action, and reserves the right to assert such defenses at that time.

WHEREFORE, WMATA, having fully answered the Complaint, prays that the same be dismissed with costs assessed against the Plaintiff.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
/s/ Carol O'Keefe
Carol O'Keeffe, #445277
General Counsel


/s/ Mark Sullivan
Mark F. Sullivan, #430876
Deputy General Counsel


/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Assistant General Counsel
WMATA - COUN
600 5th Street, N.W.
Washington, D.C. 20001
(202) 962-1496
Kcarey@wmata.com


/s/ Jeffrey Seaman
Jeffrey C. Seaman , #466509
Assistant General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1856
Jcseaman@wmata.com

## JURY DEMAND

The Defendant demands trial by jury.

                                        /s/ Jeffrey C. Seaman
                                        Jeffrey C. Seaman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April, 2007, a copy of the foregoing Answer to the Complaint was electronically sent to:

Peter C. Grenier, Esq.
Bode & Grenier, LLP
1150 Connecticut Avenue, N.W.
9th Floor, Connecticut Building
Washington, D.C. 20036

                                        /s/ Jeffrey C. Seaman
                                        Jeffrey C. Seaman