**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GREGORY E. SCHOENBORN, ) | |
| Individually and as Personal ) | |
| Representative of the Estate of ) | |
| Martha Stringer Schoenborn, Deceased ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07-CV-544(RMU/JMF) |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MEMORANDUM REGARDING CONSOLIDATION

Plaintiff Gregory E. Schoenborn, by and through undersigned counsel, files Plaintiff's Memorandum Regarding Consolidation to clarify his position regarding any potential consolidation of this case with the case *Blasko v. Washington Metropolitan Area Transit Authority* ("WMATA"), Civil Action No. 1:07-cv-833.

On June 29, 2007, Plaintiff Blasko filed in *Blasko v. WMATA*, but not in this case, a *Partial Consent Motion to Consolidate* requesting consolidation of this case with *Blasko*.[1]

Plaintiff Schoenborn opposes consolidation with *Blasko v. WMATA* for any and all purposes.

---

[1] Upon receiving service of the motion filed in *Blasko*, Plaintiff Schoenborn contacted the civil clerk of the United States District Court for the District of Columbia and was instructed to file any responsive motions or memoranda in this case and not in *Blasko*. Plaintiff has calculated his "response" date based upon regular mail service, since obviously his counsel does not receive *Blasko* filings via the ECF system.

As discussed herein, Plaintiff Blasko's motion to consolidate this case with her case should be denied because consolidation will not serve the interests of economy and convenience. In support thereof, Mr. Schoenborn states the following:

1. The initial action, *Schoenborn v. WMATA*, Civil Action No. 1:07-cv-544, was filed on March 19, 2007.

2. *Blasko v. WMATA*, Civil Action No. 1:07-cv-833, was filed on May 4, 2007.

3. On June 29, 2007, Plaintiff Blasko filed her *Partial Consent Motion to Consolidate* in *Blasko v. WMATA* seeking to consolidate *Schoenborn* and *Blasko* for discovery purposes only.

4. Rule 42(a) provides, in pertinent part, that "[w]hen actions involving common question of law or fact are pending before the court . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). As is apparent from the text of Rule 42(a), the decision to consolidate is discretionary.

5. Furthermore, it is well established that consolidation of cases is "permitted as a matter of convenience and economy in administration." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933) (discussing 28 U.S.C. §734, the predecessor statute to Fed. R. Civ. P. 42(a)).

6. In determining requests for consolidation, courts weigh considerations of convenience and economy against considerations of confusion and prejudice. American Postal Workers Union v. United States Postal Service, 422 F. Supp. 2d 240, 245 (D.D.C. 2006).

7. Consolidation in this case will not serve the interests of economy and convenience, and will prejudice Plaintiff Schoenborn through unnecessary delay, additional costs, confusion, and the loss of ability to control the course of litigation.

8. Mr. Schoenborn, through his counsel, filed his lawsuit on March 19, 2007, attended an initial scheduling conference on June 19, 2007, received a scheduling order setting all case deadlines, and has already engaged in extensive discovery, including the exchange of numerous requests, disclosures, and documents and things between Mr. Schoenborn and Defendant WMATA. Indeed, Plaintiff's accident reconstruction expert has already conducted an inspection of the bus involved in this incident.

9. Plaintiff Blasko, through her counsel, filed her lawsuit a full six-and-half weeks after Mr. Schoenborn on May 4, 2007, and now seeks to consolidate discovery in the two cases.

10. While these two cases arise out of the same recorded and likely undisputed incident, the real issue in both these cases, damages, could not be more distinct and deals with questions of fact, law, and issues that are not common to both cases.

11. Plaintiff Schoenborn and Plaintiff Blasko must prove entirely distinct sets of damages which will require entirely distinct discovery regarding loss of household services, care, and support, loss of earnings and financial loss, loss of gifts and contributions, medical expenses, and funeral services and expenses.

12. Perhaps most importantly, Plaintiff Schoenborn and Plaintiff Blasko also must prove the impact of this incident on entirely unique and different individuals, resulting in distinct conscious physical pain and bodily injury, disfigurement, and/or deformity, physical and emotional suffering, inconvenience and discomfort, and mental anguish prior to their untimely and horrific deaths.

13. On whole, common issues of law and fact among *Schoenborn* and *Blasko* are greatly overshadowed by issues of law and fact that are separate and distinct.

14. At this point, consolidation will prejudice the advanced state of Plaintiff Schoenborn's case, increase costs to Plaintiff Schoenborn, and unnecessarily complicate the overwhelmingly distinct issues in his case.

15. Further, judicial economy will not benefit from consolidation of these cases where, as here, the need for more than one judge to familiarize himself with the cases has already been addressed through the assignment of both cases to Judge Ricardo M. Urbina.

16. Any additional concerns regarding economy and convenience can be addressed without the Court's Order, and where appropriate, through agreement of Plaintiffs Schoenborn and Blasko and Defendant WMATA to proceed efficiently and economically taking into consideration any concerns regarding duplicative discovery.

17. Ordering the cases consolidated for discovery purposes is an unnecessary step that will go too far in requiring Plaintiffs Schoenborn and Blasko to relinquish their rights for the sake of "convenience," especially when consolidation would be prejudicial, entirely inconvenient, given the extensive discovery that has already occurred and the mostly distinct nature of these two cases, and would not result in judicial economy where both cases are already before this Court. Moreover, consolidation would by definition then require the juggling of three extremely busy attorneys' schedules. It is unfair to burden Plaintiff's counsel with this additional factor.

18. Plaintiff also opposes consolidation for trial purposes for the same reasons he opposes consolidation for discovery purposes, as well as those reasons Plaintiff Blasko stated she opposes consolidation for trial purposes.

For all of the foregoing reasons, the Court should deny Plaintiff Blasko's *Partial Consent Motion to Consolidate*. Alternatively, should the Court decide to grant the motion, then Plaintiff requests that all pertinent current deadlines in this case govern the consolidated case.

Respectfully submitted,

GREGORY E. SCHOENBORN,
Individually and as Personal Representative of the
Estate of MARTHA S. SCHOENBORN, Deceased


By:  /s/ Peter C. Grenier
Peter C. Grenier, Esq., D.C. Bar #418570
Michael K. Hibey, Esq., D.C. Bar #502890
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor, Connecticut Building
Washington, D.C. 20036-0000
(202) 828-4100
(202) 828-4130 – facsimile

Dated: July 11, 2007

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of July, 2007 I served a true and correct copy of the foregoing Plaintiff's Memorandum Regarding Consolidation:

<u>Via U.S. Mail, postage prepaid upon:</u>
Patrick M. Regan, Esq.
Paul J. Cornoni, Esq.
REGAN ZAMBRI & LONG, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
*Counsel for Plaintiff Blasko*

<u>Via electronic filing upon:</u>
Kathleen A. Carey, Esq.
Jeffrey C. Seaman, Esq.
Washington Metropolitan Area Transit Authority
Assistant General Counsel
600 5th Street, N.W. Room 2B-11
Washington, D.C. 20001
*Counsel for Defendant WMATA*

          /s/ Peter C. Grenier
          Peter C. Grenier

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY E. SCHOENBORN,<br>Individually and as Personal<br>Representative of the Estate of<br>Martha Stringer Schoenborn, Deceased<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>Defendant. | CIVIL ACTION NO. 07-CV-544(RMU/JMF) |

# ORDER

Upon consideration of Plaintiff's Memorandum Regarding Consolidation and the Partial Consent Motion to Consolidate filed in *Blasko v. Washington Metropolitan Area Transit Authority*, Civil Action No. 1:07-cv-833, it is, by the Court, this _____ day of _____, 2007:

ORDERED:   That this case, *Schoenborn v. Washington Metropolitan Area Transit Authority*, Civil Action No. 1:07-cv-544, not be consolidated with Civil Action No. 1:07-cv-833.

SO ORDERED.

                                                                    _____
                                                                    Judge Ricardo Urbina

Dated: _____