UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY E. SCHOENBORN, Individually and as Personal Representative of the Estate of MARTHA S. SCHOENBORN, Deceased. | 1:07 cv 00544 (RMU) |
| Plaintiff, | |
| v. | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY 600 5th St., N.W. Washington, D.C.  20001 | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MOLLY M. BLASKO, as Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased 1673 Linkside Court North Atlantic Beach, FL   32233 | 1:07 cv 00833 (RMU) |
| Plaintiff, | |
| v. | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY 600 5th St., N.W. Washington, DC   20001 | |
| Defendant. | |

**DEFENDANT'S MOTION TO CONSOLIDATE CASES**

Pursuant to Fed. R. Civ. P. 42(a), the Defendant, Washington Metropolitan Area Transit Authority, moves for consolidation of the within actions. Although Plaintiff Molly Blasko consents to the consolidation of the actions but only for purposes of discovery, she does not consent to full consolidation for all purposes. Plaintiff Gregory Schoenborn does not consent to consolidation for any purpose.

Both lawsuits arise from the same incident, and involve common questions of law and fact. Consolidation of the actions would further the interests of judicial economy, and would work no significant prejudice upon either Plaintiff. Please see the accompanying Memorandum in Support of the Motion. Defendant requests that the accompanying Memorandum also be considered in support of the response to plaintiff Blasko's motion and in response to plaintiff Schoenborn's opposition to plaintiff Blasko's motion to consolidate.

Respectfully Submitted,
/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Assistant General Counsel
600 5th Street, N.W.
Washington, D.C. 20001
(202) 962-1496
Kcarey@wmata.com

/s/ Jeffrey Seaman
Jeffrey C. Seaman , #466509
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1856
Jcseaman@wmata.com

CERTIFICATE OF SERVICE

_____I hereby certify that a copy of this motion, memorandum in support of the motion and in response to plaintiff Blasko's motion and in response to plaintiff Schoenborn's opposition was served by efiling this 15th day of July, 2007 to:

Peter C. Grenier
BODE & GRENIER, L.L.P
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C.  20036

Patrick M. Regan
Regan Zambri & Long, PLLC
1919 M St., N.W.
Suite 350
Washington, D.C.  20036

/s/ Kathleen A. Carey

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY E. SCHOENBORN,<br>Individually and as Personal<br>Representative of the Estate of<br>MARTHA S. SCHOENBORN, Deceased. | 1:07 cv 00544 (RMU) |
| Plaintiff, | |
| v. | |
| WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 5th St., N.W.<br>Washington, D.C. 20001 | |
| Defendant. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| MOLLY M. BLASKO, as Personal<br>Representative of the Estate of<br>SALLY DEAN McGHEE, Deceased<br>1673 Linkside Court North<br>Atlantic Beach, FL 32233 | 1:07 cv 00833 (RMU) |
| Plaintiff, | |
| v. | |
| WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 5th St., N.W.<br>Washington, DC 20001 | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
CONSOLIDATE CASES, IN RESPONSE TO PLAINTIFF SCHOENBORN'S
OPPOSITION AND IN REPLY TO PLAINTIFF BLASKO'S MOTION**

On February 14, 2007, Sally McGhee and Martha Schoenborn were struck by a bus while crossing Pennsylvania Avenue near its intersection with 7th Street, N.W.  Both women died as a result of the collision.  The women, who were friends and co-workers, were walking alongside one another when the incident occurred. Shortly before the incident, the women had left work together at the Federal Trade Commission, something they did frequently.

It appears that crew members from the same EMS/Fire squads rendered treatment on the scene to both women.  Both cases will require the testimony of many, if not all, of the same eyewitnesses.

Gregory Schoenborn is the representative of the estate of Martha Schoenborn.  He filed suit against WMATA on March 19, 2007.  Molly Blasko, representative of the estate of Sally McGhee, filed suit May 4, 2007.  Both cases are already pending before the Honorable Judge Ricardo M. Urbina.  Both cases allege causes of action of wrongful death and survival.

Rule 42(a) grants the Court the discretion to consolidate these cases.  When considering whether to consolidate cases, the courts should "weigh considerations of economy and convenience against considerations of confusion and prejudice."  American Postal Workers Union v. U.S.P.S., 442 F.Supp.2d 240, 245 (D.D.C. 2006).  The interests of judicial economy clearly weigh in favor of consolidation of these cases.  It is also clear that consolidation would be more convenient for any eyewitnesses who must be

called upon to testify. For example, both plaintiffs have claimed that their decedents experienced pain and suffering as a result of the incident. It is likely, therefore, that the testimony of the same or many of the same eyewitnesses will be necessary to address this issue at trial. Any of the eyewitnesses to this event and/or the immediate aftermath would likely be left with a negative impression of the judicial system upon receiving a second trial subpoena for the same incident. Moreover, the resources of the Court and WMATA would be better and more efficiently used if the cases were consolidated. Were the cases not consolidated, this Court and WMATA would try the same case relative to liability, and very much the same, or extremely similar cases on damages.

The likelihood of prejudice to either party, if any, is difficult to discern. Nor is it likely that the jury would be confused about the relatively straightforward issues presented by this set of facts. Often the Courts and juries are confronted with cases involving identical issues on liability yet different interests with respect to damages. One example are cases in which the spouse/partner of the injured party files a loss of consortium claim. Generally, any case involving more than one plaintiff will also involve different factors with respect to the damages alleged by each of those plaintiffs. Plaintiff Schoenborn's opposition posits no justifiable reason for keeping each of these cases separate. Although plaintiff Schoenborn asserts that the parties are well along in the discovery process, this characterization

is not entirely accurate. While it is true that the plaintiff and the defendant have propounded and exchanged responses to written discovery, the parties have received a very limited number of records from the United States Attorney's Office regarding the criminal investigation into the accident,[1] have received videotape of the intersection on the date of the accident and plaintiff Schoenborn has conducted a thorough inspection of the Metrobus involved. However, depositions have neither been taken nor are they scheduled at this time.

Additionally, counsel for defendant was recently notified that the adult daughter of the decedent Schoenborn intends to request permission to intervene in the pending action. It is clear that the entire landscape of this litigation regarding this incident has not yet been formulated and appears to continue to be a work in progress.

---

[1] The criminal matter is pending, precluding the discovery of much of the fruits of the investigation and grand jury testimony. In addition, the bus operator has not been interviewed and likely would not be permitted by his counsel to give any deposition testimony in this civil action based upon his 5th Amendment rights.

For the foregoing reasons, the cases should be consolidated for all purposes.

                            Respectfully Submitted,

                            /s/ Kathleen A. Carey
Kathleen A. Carey #357990
Assistant General Counsel
WMATA - COUN
600 5th Street, N.W.
Washington, D.C. 20001
(202) 962-1496
Kcarey@wmata.com

/s/ Jeffrey Seaman
Jeffrey C. Seaman , #466509
Assistant General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1856
Jcseaman@wmata.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY E. SCHOENBORN, Individually and as Personal Representative of the Estate of MARTHA S. SCHOENBORN, Deceased.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br>600 5th St., N.W.<br>Washington, D.C.  20001<br><br>　　　　　Defendant. | 1:07 cv 00544 (RMU) |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| MOLLY M. BLASKO, as Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased<br>1673 Linkside Court North<br>Atlantic Beach, FL   32233<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br>600 5th St., N.W.<br>Washington, DC   20001<br><br>　　　　　Defendant. | 1:07 cv 00833 (RMU) |

**ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE CASES**

The Court having considered the Motions to Consolidate the actions and any oppositions and responses thereto,

IT IS ORDERED that the defendant's motion to consolidate the above-captioned cases is granted, and

IT IS FURTHER ORDERED that the cases shall be and hereby are consolidated under case number 1:07 cv 00544 (RMU) for all purposes.

_____ Ricardo M. Urbina, Judge

copy to:
Kathleen A. Carey
Jeffrey C. Seaman
WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
600 5th Street, N.W.
Washington, D.C.  20001

Peter C. Grenier
BODE & GRENIER, L.L.P
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C.  20036

Patrick M. Regan
Regan Zambri & Long, PLLC
1919 M St., N.W.
Suite 350
Washington, D.C.  20036