**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

|  |  |
|---|---|
| **GREGORY E. SCHOENBORN,** ) <br> **Individually and as Personal** ) <br> **Representative of the Estate of** ) <br> **Martha Stringer Schoenborn, Deceased** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **WASHINGTON METROPOLITAN** ) <br> **AREA TRANSIT AUTHORITY** ) <br> ) <br> **Defendant.** ) <br> ) | CIVIL ACTION NO. 07-CV-544(RMU/JMF) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE CASES**

Plaintiff Gregory E. Schoenborn, by and through undersigned counsel, files Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Consolidate Cases.

As discussed herein, Defendant's Motion to Consolidate Cases should be denied because consolidation will not serve the interests of economy and convenience where individual issues predominate, and will prejudice Mr. Schoenborn. In support thereof, Mr. Schoenborn states the following:

**BACKGROUND**

On the evening of February 14, 2007, Martha S. Schoenborn and Sally D. McGhee were struck by a Washington Metropolitan Area Transit Authority ("WMATA") Metrobus in Washington, D.C. Ms. McGhee died at scene of the incident. Ms. Schoenborn was treated by

paramedics, transported by ambulance to George Washington University Hospital, and treated by doctors before being pronounced dead some forty minutes after the bus struck her.

On March 19, 2007, Gregory Schoenborn, as representative of the Estate of Martha S. Schoenborn, filed the complaint that initiated this lawsuit.  On June 19, 2007, the Court held a scheduling conference in this matter establishing various deadlines for the litigation. [1]

Mr. Schoenborn has engaged in extensive investigation and discovery, including the exchange of numerous requests, disclosures, and documents and things between Mr. Schoenborn and Defendant WMATA.  Mr. Schoenborn has already worked significantly with multiple potential expert witnesses, and would have already filed all of his expert reports had some evidence and discovery from other entities been provided promptly.  Mr. Schoenborn has scheduled multiple depositions for next month, and will schedule several other depositions next month.

On May 4, 2007, Molly Blasko, as representative of the Estate of Sally D. McGhee, filed a complaint that initiated *Blasko v. WMATA*, Civil Action No. 1:07-cv-833.  On August 28, 2007, the Court will hold a scheduling conference in *Blasko* to establish various deadlines for that litigation.

On June 29, 2007, Plaintiff Blasko filed a *Partial Consent Motion to Consolidate* in *Blasko v. WMATA* seeking to consolidate this lawsuit and *Blasko* for discovery purposes only.  On July 11, 2007, Mr. Schoenborn filed *Plaintiff's Memorandum Regarding Consolidation* in this case stating that Mr. Schoenborn opposes consolidation for all purposes.  On July 15, Defendant WMATA filed *Defendant's Motion to Consolidate Cases* in both this case and *Blasko* seeking consolidation of the two cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

---

[1] One deadline, involving Rule 26(a)(2)(B) Statements, has since been extended.

Rule 42(a) provides, in pertinent part, that "[w]hen actions involving common question of law or fact are pending before the court . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).  As is apparent from the text of Rule 42(a), the decision to consolidate is discretionary.  Furthermore, it is well established that consolidation of cases is "permitted as a matter of convenience and economy in administration." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (discussing 28 U.S.C. §734, the predecessor statute to Fed. R. Civ. P. 42(a)).

In determining requests for consolidation, courts weigh considerations of convenience and economy against considerations of confusion and prejudice.  *American Postal Workers Union v. United States Postal Service*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006).

## ARGUMENT

Consolidation of this case with *Blasko* is inappropriate and will not serve the interests of economy and convenience where individual issues predominate, and will prejudice Mr. Schoenborn through unnecessary delay, additional costs, confusion, and the loss of ability to control the course of litigation.

While these two cases arise out of the same recorded and likely undisputed incident, the real issue in both these cases, damages, could not be more distinct and deals with questions of fact, law, and issues that are not common to both cases.

### I.     Consolidation will not serve economy and convenience where individual issues predominate.

Common issues of law and fact among *Schoenborn* and *Blasko* are greatly overshadowed by issues of law and fact that are separate and distinct.  The only common issue in this case is liability, which is likely not in dispute.  On the other hand, Mr. Schoenborn and Ms. Blasko must

prove entirely distinct sets of damages which will require entirely distinct discovery regarding loss of household services, care, and support, loss of earnings and financial loss, loss of gifts and contributions, medical expenses, and funeral services and expenses. Perhaps most importantly, Mr. Schoenborn and Ms. Blasko also must prove the impact of this incident on entirely unique and different individuals, resulting in distinct conscious physical pain and bodily injury, disfigurement, and/or deformity, physical and emotional suffering, inconvenience and discomfort, and mental anguish prior to the untimely and horrific deaths of Mrs. Schoenborn and Ms. McGhee.

Judicial economy will not benefit from consolidation of these cases where, as here, individual issues predominate, and the need for more than one judge to familiarize himself with the cases has already been addressed through the assignment of both cases to Judge Ricardo M. Urbina.

Any additional concerns regarding economy and convenience can be addressed without the Court's Order, and where appropriate, through agreement of Mr. Schoenborn and Ms. Blasko and Defendant WMATA to proceed efficiently and economically taking into consideration any concerns regarding duplicative discovery.

**II.    Consolidation will prejudice Mr. Schoenborn.**

At this point, consolidation will prejudice the advanced state of Mr. Schoenborn's case, resulting in delay, increased costs, and administrative difficulties. Additionally, consolidation will prejudice Mr. Schoenborn through eventual juror confusion by unnecessarily complicating the overwhelmingly distinct issues in his case.

As stated above, Mr. Schoenborn filed his lawsuit approximately one-and-a-half months before Ms. Blasko. At this point, consolidation will delay Mr. Schoenborn's entire case, from

discovery through the eventual trial date. The horrific and tragic incident that gave rise to this lawsuit is something that Mr. Schoenborn has to deal with on a daily basis. He has accepted this responsibility as personal representative of the Estate, but it is simply not fair to further delay this lawsuit, and inevitably his closure, for a single day longer than necessary. Delay will likely be great, considering the *Schoenborn* scheduling conference occurred over one month ago and the *Blasko* scheduling conference will not occur until the end of August. By the end of August, Mr. Schoenborn hopes to have discovery completed. Moreover, consolidation would then require the juggling of three extremely busy attorneys' schedules, resulting in further unnecessary delay, as well as additional costs and administrative difficulties. It is unfair to burden Mr. Schoenborn with this additional delay.

When multiple lawsuits are tried together, there is a risk of prejudice through juror confusion. The risk of juror confusion is greatest where the parties' situations are subtly, but significantly different, like here. The risk that jurors will lump *Schoenborn* and *Blasko* together as bus fatality cases is too great to permit consolidation when the cases are so significantly, yet subtly distinct. The differences in *Schoenborn* and *Blasko* are quite significant and predominate over common issues; however, such distinctions may be overlooked and missed by jurors. Indeed, these significant distinctions have already been brushed aside by Defendant in its motion to consolidate. Given such positioning, it seems clear that Defendant will attempt to minimize the differences in these cases, in turn maximizing juror confusion to minimize damages.

### <u>CONCLUSION</u>

Ordering *Schoenborn* and *Blasko* consolidated is an unnecessary step that will go too far in requiring Mr. Schoenborn and Ms. Blasko to relinquish their rights for the sake of "convenience," especially when consolidation would be prejudicial, entirely inconvenient, given

the extensive discovery that has already occurred and the mostly distinct nature of these two

cases, and would not result in judicial economy where both cases are already before this Court.

For all of the foregoing reasons, the Court should deny *Defendant's Motion to*

*Consolidate Cases.*


Respectfully submitted,

GREGORY E. SCHOENBORN,
Individually and as Personal Representative of the
Estate of  MARTHA S. SCHOENBORN, Deceased


By:    /s/ Peter C. Grenier
Peter C. Grenier, Esq., D.C. Bar #418570
BODE & GRENIER, L.L.P.
1150 Connecticut Avenue, N.W.
Ninth Floor, Connecticut Building
Washington, D.C.  20036-0000
(202) 828-4100
(202) 828-4130 – facsimile


Dated: July 26, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2007 I served a true and correct copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Consolidate Cases:

Via U.S. Mail, postage prepaid upon:
Patrick M. Regan, Esq.
Paul J. Cornoni, Esq.
REGAN ZAMBRI & LONG, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C.  20036
*Counsel for Plaintiff Blasko*

Via electronic filing upon:
Kathleen A. Carey, Esq.
Jeffrey C. Seaman, Esq.
Washington Metropolitan Area Transit Authority
Assistant General Counsel
600 5th Street, N.W. Room 2B-11
Washington, D.C. 20001
*Counsel for Defendant WMATA*

/s/ Peter C. Grenier
Peter C. Grenier