UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| GREGORY E. SCHOENBORN, )<br>Individually and as Personal )<br>Representative of the Estate of MARTHA )<br>S. SCHOENBORN, Deceased )<br>    )<br>    Plaintiff, )<br>    )<br>v.  )<br>    )<br>WASHINGTON METROPOLITAN )<br>TRANSIT AUTHORITY )<br>    )<br>    Defendant. )<br>_____) | 1:07 CV 00544 (RMU) |

**PARTIAL CONSENT MOTION TO INTERVENE**

COMES NOW, Kimberly Pifer, by and through the undersigned counsel, refiles this Partial Consent Motion to Intervene in the above captioned case. The Motion to Intervene was originally filed in July 2007 but is not listed on the court docket as being filed. Counsel for Ms. Pifer spoke with the Clerk's Office who instructed counsel to refile the Motion explaining that due to an error the original Motion was not docketed. Despite this error, Plaintiff Gregory Schoenborn did file an Opposition to the Motion to Intervene. Ms. Pifer refiles the original Motion to Intervene without making any substantive changes.

Ms. Pifer seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a). As is more fully explained in the accompanying Memorandum of Points and Authorities, Ms. Pifer is the daughter of the Decedent, Martha S. Schoenborn, and seeks to intervene in the above captioned case to protect her interests in both the survival and wrongful death actions. Ms. Pifer's Motion to Intervene should be granted because (1) she has standing to

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

intervene in light of the fact that she has suffered an injury caused by the Defendant's negligence which would be redressed by a favorable outcome in this case, (2) she has timely filed her Motion to Intervene, (3) she has an interest in the litigation as the daughter of the decedent, (4) her ability to protect her interests may be impaired if she is not allowed to intervene, and (5) Gregory Schoenborn cannot adequately represent Ms. Pifer's interests since Mr. Shoenborn and Ms. Pifer have divergent interests. For these reasons, Mr. Pifer should be permitted to intervene.

Counsel for Kimberly Pifer has made a good faith effort to obtain consent from all parties in this action. Defendant WMATA does not oppose this Motion. Gregory Schoenborn does not consent to this Motion.

Respectfully submitted,

**KOONZ, McKENNEY, JOHNSON,
DePAOLIS & LIGHTFOOT, L.L.P.**

By: /s/ William P. Lightfoot
William P. Lightfoot #313593
Paulette E. Chapman #416437
Kelly J. Fisher #488431
2001 Pennsylvania Avenue, N.W.
Suite 450
Washington, D.C. 20006
(202) 659-5500
(202) 785-3719 Facsimile

Attorneys for Intervenor Kimberly Pifer

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| GREGORY E. SCHOENBORN,<br>Individually and as Personal<br>Representative of the Estate of MARTHA<br>S. SCHOENBORN, Deceased<br><br>   Plaintiff,<br><br>  v.<br><br>WASHINGTON METROPOLITAN<br>TRANSIT AUTHORITY<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  1:07 CV 00544 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KIMBERLY PIFER'S PARTIAL CONSENT MOTION TO INTERVENE

**I. STATEMENT OF FACTS**

On, February 14, 2007, Martha Schoenborn was struck by a Metro bus resulting in her death. Mrs. Schoenborn was survived by Kimberly Pifer, her daughter, and Gregory Schoenborn, her husband. Mr. Schoenborn is Kimberly Pifer's step-father. Mrs. Schoenborn died without a will and was a resident of the Commonwealth of Virginia when she died. According to Virginia law, Ms. Pifer will receive two-thirds of Mrs. Schoenborn's estate. Va. Code. Ann. § 64.1-11 (2007). Mr. Schoenborn would receive the remaining one-third. *Id.*

Gregory Schoenborn has been appointed the personal representative of Martha Schoenborn's estate. He filed a survival action and a wrongful death action on behalf of himself and the estate on March 19, 2007. Ms. Pifer did not receive prior notice that

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

3

Gregory Schoenborn sought to be appointed personal representative nor did she receive prior notice that a lawsuit was being filed on his behalf and the behalf of the estate.

### II. OVERVIEW OF THE DISTRICT OF COLUMBIA WRONGFUL DEATH AND SURVIVAL ACTIONS.

A basic understanding of the law in the District of Columbia as it relates to survival and wrongful death actions is needed in order to determine whether intervention is appropriates. A survival action is brought by and in favor of the decedent's legal representative. D.C. Code § 12-101 (2007). In the District of Columbia, proceeds from a survival action pass through the estate and are distributed according to a will or the laws of intestacy. *Lewis v. Lewis*, 708 A.2d 249, 252 (D.C. 1998).

Wrongful death actions are brought by and in the name of the personal representative. D.C. Code § 16-2702 (2007). Wrongful death proceeds are either distributed based upon the fact finder's allocation among the heirs or, as a default, according to the laws of intestacy. *Jones v. Fondufe*, 908 A.2d 1161, 1164 (D.C. 2006). The preference in the District of Columbia is to have the fact finder allocate the proceeds. *Id.* Given this preference, "[d]ecisions about the evidence to be presented to the jury . . . would have a bearing of the damages accruing to a party." *Id.*

In this case, Gregory Shoenborn has brought both a survival action and a wrongful death action. Under D.C. law, Ms. Pifer is entitled to two-thirds of the any proceeds that are awarded under the survival action. With respect to the wrongful death action, Ms. Pifer's share depends on the allocation made by the fact finder; if no allocation is made she is entitled to two-thirds. Under either scenario, any disposition in the current case will determine the amount Ms. Pifer receives as compensation for her injuries. For instance, if the jury allocates money according to the wrongful death action,

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

4

Ms. Pifer will be forced to accept the allocation even though she was not able to participate in the trial.

### III. LEGAL ANALYSIS

Under Federal Rule of Civil Procedure 24 (a), a timely application to intervene *shall* be granted:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Fed. R. Civ. P. 24 (a) (2007).

There are four elements to deciding whether intervention is appropriate: (1) timeliness, (2) interest, (3) impairment of interest, and (4) adequacy of representation. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). In this circuit, the prospective intervenor must also possess standing. *Jones v. Prince Gregory's County Maryland*, 348 F.3d 1014, 1017 (D.C. Cir. 2003).

#### 1. KIMBERLY PIFER POSSESSES STANDING TO INTERVENE IN THIS ACTION.

To establish standing the "prospective intervenor must show (1) injury-in-fact, (2) causation, and (3) redressibility. *Fund for Animals*, 322 F.3d at 732-33. When determining the standing of a potential intervenor, the Court should keep in mind that the potential intervenor need only have an "interest in the litigation – not a cause of action or permission to sue." *Jones*, 348 F.3d at 1018 (internal quotations omitted).

In *Jones*, the Court of Appeals for the District of Columbia Circuit held that in a wrongful death action the child of the decedent had standing even though she was not the personal representative of the estate. *Id.* The Court stated, "Nina [the intervenor] clearly suffers from an injury that the Prince Gregory's County defendants allegedly caused and

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

that the requested relief would redress: the shooting deprived Nina of her father's financial and emotional support, the shooting indisputably caused her loss, and a favorable decision would remedy this injury." *Id.*

Similarly, in this case, Kimberly Pifer, as daughter of the decedent, has suffered an injury allegedly caused by the Defendant's negligence that would be redressed by the requested relief. Ms. Pifer, just like the potential intervenor in *Jones*, has been deprived her mother's financial and emotional support as result of the Defendant's negligence. If there is a decision in Plaintiff's favor, Ms. Pifer would be compensated for this loss. Thus, she has standing to intervene.

### 2. THE MOTION TO INTERVENE HAS BEEN TIMELY FILED.

Ms. Pifer's Motion to Intervene clearly is timely as it has been filed only four months after the Complaint was filed.

### 3. KIMBERLY PIFER HAS AN INTEREST IN THE ACTION.

Rule 24 requires a potential intervenor to have an interest relating to the property or transaction which is the subject of the action. Fed R. Civ. P. 24. In *Jones*, the Court of Appeals held that this third element was satisfied by virtue of the potential intervenor having a "cognizable injury sufficient to establish Article III standing." 348 F.3d at 1018. Likewise, Ms. Pifer, has an interest in the current lawsuit since she also has suffered a cognizable injury that satisfies the standing requirement.

### 4. KIMBERLY PIFER'S INTEREST MAY BE IMPAIRED IF SHE IS NOT ALLOWED TO INTERVENE.

Rule 24 also requires the potential intervenor to show that "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24 (a)(2). As explained by the Sixth Circuit the potential

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

6

intervenor "must also show that an unfavorable disposition of the action *may* impair their ability to protect their interest in the litigation." *Purnell v. Akron*, 925 F.2d 941, 948 (6th Cir. 1991) (emphasis added). When analyzing the third element, the Court should look at the "practical consequences of denying intervention, even where the possibility of future challenge . . . remains available." *Fund for Animals*, 322 F.3d at 735 (internal quotations omitted). The fact that the potential intervenor could bring a separate lawsuit is not enough to deny intervention. *Id.* The practical impact of denying intervention must be considered. *Id.*

In *Purnell v. Akron*, the potential intervenors claimed they were the decedent's illegitimate children and thus entitled to intervene. 925 F.2d at 942-43. The Court of Appeals for the Sixth Circuit held that the potential intervenors' interest would be impaired even though there were potential avenues of recourse; arguably the intervenors could seek intervention in the probate distribution proceedings or could sue the administrator for breach of his fiduciary duties. *Id.* at 949. The Court found that these alternatives were not adequate "for obvious reasons." *Id.* The Court noted that if the potential intervenors did not intervene the "proceeds will have been limited to the proof presented by the [legitimate children]; yet the proceeds would have to be shared by both." *Id.* The Court further stated that if the potential intervenors proved paternity "then their joinder is necessary in the action where the beneficiaries present proof of damages so that the adjudication of the proceeds of such judgment will be just." *Id.*

Likewise, in this case, Ms. Pifer only has the same inadequate alternatives as did the potential intervenors in *Purnell* in that she arguably could seek to intervene in the probate distribution proceedings or could sue Mr. Shoenborn in his capacity as personal

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006
(202) 659-5500

7

representative for breach of his fiduciary duties. Neither situation is practical. As noted by the D.C. Circuit Court of Appeals, "it is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation." *Fund for Animals*, 322 F.3d at 735 (quoting *Natural Res. Def. Council v. Costle*, 561 F.2d 904, 910 (D.C. Cir. 1977). A subsequent lawsuit would only increase litigation costs and waste judicial resources which certainly is not a practical alternative for the proposed intervenor, the estate, or the courts.

Further, just like the proposed intervenors in *Purnell*, if Ms. Pifer is not allowed to intervene she will be forced to accept a verdict or judgment based solely on the proof presented by Mr. Schoenborn. This is impractical and patently unjust for two reasons. First, with respect to any monies that pass through the estate, even if Ms. Pifer were to intervene in the probate proceedings, she would be limited to the proceeds received solely on the proof presented by Mr. Schoenborn. This is particularly concerning when it is Ms. Pifer who stands to inherit the vast majority of the estate and not Mr. Schoenborn.

Second, as noted above, in the District of Columbia it is preferred that the fact finder determine how much of the verdict should be allocated to each beneficiary rather than relying on the laws of intestacy. In light of this, the only means for Ms. Pifer to protect her interest and ensure that she receives the maximum allocation is to participate in the cause of action. If Ms. Pifer is not permitted to intervene the judgment and the jury's allocation would rest solely on the evidence presented by Mr. Schoenborn which would create an unjust and unbalanced judgment. In essence, her joinder in this cause of action is necessary. *See Purnell*, 925 F.2d at 949 (noting that the comments to Rule 24

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

8

state that "an applicant is entitled to intervene in an action when his or her interest is comparable to that of a person under Rule 19(a)(2)(ii)," the rule on joinder).[1]

It is equally concerning that Ms. Pifer will not be able to take part in any settlement negotiations if she is not allowed to intervene in this action. The Court has already designated a magistrate judge to oversee settlement discussions. If Ms. Pifer is not allowed to participate, a settlement could be reach that would limit her recovery in this case. The settlement could also allocate money in a manner detrimental to Ms. Pifer. Ms. Pifer would be bound to that settlement even though she was not allowed to participate. Her only options would be to accept the settlement and intervene in the probate distribution proceedings or to file a lawsuit against Mr. Schoenborn for breach of his fiduciary duties. As illustrated above, neither option is adequate.

5. **PLAINTIFF GREGORY SCHOENBORN CANNOT ADEQUATELY REPRESENT KIMBERLY PIFER'S INTERESTS.**

The final element on Rule 24 is that the potential intervenors should not be allowed to intervene if "the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24. According to the Supreme Court the final requirement of Rule 24 "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10. The District of Columbia Circuit Court of Appeals has "described this requirement as 'not onerous.'" *Fund for Animals*, 322 F.3d at 735 (citing *Diamond v. District of Columbia*, 792 F.2d 179 (D.C. Cir. 1986). In determining whether the representation is adequate, courts have looked at the interests of the current parties and the potential intervenor to see if those interests are the

---

[1] The Advisory Committee Note states, "Intervention of right is here seen to be a kind of counterpart to Rule 19(a)(2)(i) on joinder of persons needed for a just adjudication." Advisory Committee Note to Fed R. Civ. P. 24 (a)(2).

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006
(202) 659-5500

9

same. *See Jones*, 348 F.3d at 1019 (analyzing the interests of the personal representative and intervenor in determining adequacy of representation); *Fund for Animals*, 322 F.3d at 736 (holding that representation was not adequate where the interest of the current party was to represent the American people as opposed to the potential intervenor's interest in representing Mongolia's people and natural resources); *Purnell*, 925 F.2d at 949-50 (stating that representation is inadequate "if the representative has an interest adverse to the proposed intervenor"). These "interests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate." *Fund for Animals*, 322 F.3d at 737 (citing *Nuesse v. Camp*, 385 F.2d 694, 703 (D.C. Cir. 1967).

In *Purnell*, the Sixth Circuit examined the interests of potential beneficiaries in a wrongful death action when deciding whether the current representation was adequate. The Court rejected the personal representative's argument that the interests of all beneficiaries are identical because they want to maximize recovery to the estate. *Purnell*, 925 F.2d at 950. On the contrary, the Court found that under the applicable wrongful death statute, the interests of all parties are not identical because the amount of damages would differ among the beneficiaries. *Id.* The beneficiaries were "in competition in the sense that both want full recovery from what may be limited damages." *Id.*

The District of Columbia Court of Appeals also has found representation inadequate where two beneficiaries may receive unequal amounts under the wrongful death statute. *Fondufe*, 908 A.2d at 1164. In *Fondufe*, the father of the decedent, also the personal representative, filed a wrongful death suit. *Id.* at 1162. The mother of the decedent, who was the ex-wife of the father, sought to intervene because there was a "potential conflict with regards to the distribution of any monetary damages." *Id.* The Court found the representation inadequate

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

10

since under the wrongful death statute "the jury should hear evidence specific to each surviving next-of-kin and may unequally allocate its verdict." *Id.* at 1164. In light of this inequality, there was a possibility of divergent interests thus making representation inadequate. *Id.*

The situation in this case is similar to both *Purnell* and *Fondufe*. Gregory Schoenborn and Kimberly Pifer do not have similar interests as it is in both parties interest to maximize their individual recovery. The District of Columbia wrongful death statute, just like the statute in *Purnell*, provides for each party to receive differing amounts dependant on the allocation awarded by the fact finder. Thus, Mr. Scheonborn and Ms. Pifer are in competition, each wanting to receive the largest part of the allocation as possible. In such a situation, with such diverging interests, it would be impossible for Mr. Schoenborn to represent Ms. Pifer's interest at trial or in settlement negotiations.

The situation in this case is in stark contrast to the situation in *Jones v. Prince Gregorys County*. In *Jones*, there was only one beneficiary, the decedent's minor daughter. 348 F.3d at 1019. The Court found that both the personal representative and the potential intervenor, the minor daughter's guardian, had the same interests – maximize recover for the minor daughter. *Id.* Of crucial importance in *Jones* is the fact that the personal representative had no claim for damages either under the wrongful death statute or any survival action. *Id.* Thus, the personal representative's only aim was to maximize recover for the sole beneficiary, the minor daughter. *Id.* Based on these facts, the Court of Appeals for the District of Columbia Circuit found that the proposed intervenor's interests were adequately represented. *Id.*

In this case, unlike in *Jones*, the personal representative, Gregory Schoenborn, does have a personal interest in the litigation pursuant to both the survival and wrongful death acts. As demonstrated above, this interest is in direct competition with Ms. Pifer's interest to maximize

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

11

her recovery in this litigation. It is not possible for Gregory Schoenborn to adequately represent his own interests in obtaining maximum recovery for himself while at the same time ensuring that Ms. Pifer receives the maximum recovery out of any verdict, judgment, or settlement.

For the foregoing reasons, Kimberly Pifer respectfully requests that the Court grant her Motion to Intervene.

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August 2007, a copy of the foregoing Partial Consent Motion to Intervene was sent via first class prepaid mail, to the following counsel:

Peter C. Grenier
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
9th Floor, Connecticut Building
Washington, D.C. 20036

Kathleen A. Carey
Jeffrey C. Seaman
Washington Metropolitan Transit Authority
600 5th Street, N.W.
Washington, D.C. 20001

William P. Lightfoot

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006
(202) 659-5500

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

GREGORY E. SCHOEN BORN, )
Individually and as Personal )
Representative of the Estate of MARTH )
S. SCHOENBORN, Deceased )
)
      Plaintiff, )    1:07 CV 00544 (RMU)
)
  v. )
)
WASHINGTON METROPOLITAN )
TRANSIT AUTHORITY )
)
      Defendant. )
                                )

## ORDER

Upon Consideration of Kimberly Pifer's Partial Consent Motion to Intervene, any opposition thereto, and the entire record herein, it is this ____ day of August 2007,

**ORDERED** that Kimberly Pifer's Motion to Intervene is **GRANTED**.

_____
Judge Urbina

Copies to:

William P. Lightfoot
Koonz, McKenney, Johnson
  DePaolis & Lightfoot, L.L.P.
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006

Peter C. Grenier
Bode & Grenier, L.L.P.
1150 Connecticut Avenue, N.W.
9th Floor, Connecticut Building

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

14

Washington, D.C. 20036

Kathleen A. Carey
Jeffrey C. Seaman
Washington Metropolitan Transit Authority
600 5th Street, N.W.
Washington, D.C. 20001

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500