IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREGORY E. SCHOENBORN, Individually and as Personal Representative of the Estate of MARTHA S. SCHOENBORN, Deceased, | : : : : : : | |
| Plaintiff, | : : | **1:07 cv 00544 (RMU)** |
| v. | : : | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : : : : | Status Conference: 02/04/2008  1:30 p.m. |
| Defendant. | : : | **CONSOLIDATED WITH** |
| MOLLY M. BLASKO, as Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased, | : : : : : : | |
| Plaintiff, | : : | **1:07 cv 00833 (RMU)** |
| v. | : : | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : : : : | |
| Defendant. | : : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**COMES NOW** the Defendant Washington Metropolitan Area Transit Authority (hereinafter referred to as "WMATA"), by and through undersigned counsel, and respectfully submits the following Memorandum of Points and Authorities filed in support of the Consent Motion to Modify Scheduling

Order:

    1.    Both Martha S. Schoenborn and Sally D. McGhee died on February 14, 2007 as a result of being struck by Defendant WMATA's bus at the intersection of 7th Street, N.W. and Pennsylvania Avenue, N.W. in Washington, D.C.

    2.    Family members for the decedents have instituted the above-captioned survival actions, pursuant to D. C. Code §12-101 (2007), and wrongful death proceedings, pursuant to D.C. Code §16-2701 (2007), against the Defendant WMATA.

    3.    On August 8, 2007, this Court consolidated these cases for purposes of discovery, only.

    4.    On August 28, 2007 at the Status Conference conducted in these matters, the Court ordered the following deadlines:

| | |
|---|---|
| **Discovery Due** | 01/31/2008 |
| **Status Conference** | 02/04/2008 at 1:30 p.m. |
| **Dispositive Motions** | 02/15/2008 |
| **Opposition to Dispositive Motions** | 02/29/2008 |
| **Replies to Oppositions to Dispositive Motions** | 03/05/2008 |

    5.    Since August 28, 2007, the parties have exchanged written discovery responses and expert witness reports, conducted depositions of 16

fact witnesses incident to the accident itself and on-the-scene emergency medical treatment and the depositions of Plaintiff Shoenborn's expert witnesses, Richard Restak, M.D. and Barbara Wolf, M.D.(in Orlando, FL). Discovery, however, is not complete.  Currently the depositions of the following witnesses are tentatively set on the date set opposite their names

| Witness | Date |
|---|---|
| Dr. James McGhee (Decedent's brother) | 02/20/2008 |
| Peder K. Melberg (Vocational Rehabilitation) | 02/22/2008 |
| Richard Lurito, Ph.D. (Economist) | 03/24/2008 |
| Kevin McGrail, M.D. | 03/25/2008 |
| Michael Batipps, M.D. | 03/27/2008 |

6.      The parties are awaiting available deposition dates for Gregory Schoenborn , Richard B. Edelman, Ph.D. (Economist), Romergryko Geocadin, M.D. (Baltimore, MD), David Ciesla, M.D. (Tampa, FL) and Marie-Lydie Pierre-Louis, M.D. (D.C. Medical Examiner).

7.      On December 17, 2007, the Plaintiff Molly Blasko filed her Answers to Defendant's Interrogatories (served on September 12, 2007), in which she described her sister [the decedent, Sally McGhee] as being afflicted with the disease called Lupus.  Defendant was provided signed HIPPA-compliant releases for decedent's doctors on January 24, 2008.  The Defendant is in the process of securing decedent's medical records.

8. Plaintiffs have requested the depositions of Defendant's expert witnesses Romergryko Geocadin, M.D. (Baltimore, MD) and David Ciesla, M.D. (Tampa, FL). Dr. Ciesla will be visiting the Washington D.C. Metropolitan Area in mid March 2008 and he has expressed a willingness to be deposed during his two-day visit.

9. Defendant requests that discovery be continued until April 15, 2008. Defendant proposes the following amendments to the Court's Scheduling Order of August 28, 2007:

| | |
|---|---|
| **Discovery Due** | **04/15/2008** |
| **Status Conference** | **[To be scheduled by Court]** |
| **Dispositive Motions** | **04/29/2008** |
| **Opposition to Dispositive Motions** | **05/13/2008** |
| **Replies to Oppositions to Dispositive Motions** | **05/20/2008** |

10. A schedule may be modified only for good cause and with the judge's consent. F.R.C.P. 16(b)(4). The Notes of Advisory Committee on 1983 Amendments [to F.R.C.P. 16] explain that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." As demonstrated above, counsel for the parties have endeavored diligently to engage in discovery; however, due to the gravity of Plaintiffs' claims, the number of fact and

expert witnesses and participating counsel in these discovery undertakings, more time is necessary.

11. Counsel for the parties agree to the requested extension in the discovery deadline.

**WHEREFORE**, the Defendant Washington Metropolitan Area Transit Authority requests that this Honorable Court modify its Scheduling Order entered on August 28, 2007 so as to extend the discovery deadline to April 15, 2008 and for such other and further relief as to this Honorable Court deems just and proper.

**WASHINGTON METROPOLITAN
    AREA TRANSIT AUTHORITY**

/s/
Kathleen A. Carey
Unified Bar No: 357990
Assistant General Counsel-WMATA
600 5th Street, N.W.
Washington, D.C. 20001
Telephone: (202) 962-1496
Facsimile: (202) 962-2550
E-mail: kcarey@wmata.com

/s/
Nicholas S. Nunzio, Jr.
Unified Bar No: 362578
Assistant General Counsel-WMATA
600 5th Street, N.W. Room
Washington, D.C. 20001
Telephone: (202) 962-1028
Facsimile: (202) 962-2550
E-mail: nnunzio@wmata.com