IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY E. SCHOENBORN, Individually and as Personal Representative of the Estate of MARTHA S. SCHOENBORN, Deceased, | : : : : : : |
| Plaintiff, | : 1:07 cv 00544 (RMU) |
| v. | : <u>Status Conference</u>: 04/22/2008 |
| | :               9:45 a.m. |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : : : |
| Defendant. | : : |
| | : **CONSOLIDATED WITH** |
| MOLLY M. BLASKO, as Personal Representative of the Estate of SALLY DEAN McGHEE, Deceased, | : : : : : |
| Plaintiff, | : 1:07 cv 00833 (RMU) |
| v. | : |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : : : |
| Defendant. | : : |

## <u>REPLY TO SHOW CAUSE ORDER OF FEBRUARY 1, 2008</u>

**COMES NOW** the Defendant Washington Metropolitan Area Transit Authority (hereinafter referred to as "WMATA"), by and through undersigned counsel, and for response to the Show Cause Order issued by this Court on February 1, 2008 states as follows:

1.      Undersigned counsel is responsible for the filing of the various motions requesting modification of this Court's Scheduling Order entered on August 28, 2008 in both cases.[1]

2.      As represented in the original "Consent Motion to Modify Scheduling Order," the parties agreed that the depositions noted and contemplated should go forward.  There was no dispute that the discovery as represented in the original motion needed to be conducted.  As represented below, the parties in good faith went about scheduling depositions and, thus, it never occurred to undersigned counsel that the matter was disputed requiring Court intervention.

3.      In the case styled <u>Gregory Schoenborn, et al. v. WMATA</u>, the Defendant anticipates the depositions of following witnesses: Gregory Schoenborn, Richard B. Edelman, Ph.D. (Plaintiff's economist), Marie-Lydie Pierre-Louis, M.D. (D.C. Medical Examiner), Romergryko Geocadin, M.D. (Defendant's expert in Baltimore, MD) and David Ciesla, M.D. (Defendant's expert in Tampa FL).  Attached hereto as **EXHIBIT 1** is a copy of Plaintiff Schoenborn's e-mail dated January 29, 2008 representing that Dr. Edelman is available for deposition between March 10-13, 2008 and *Plaintiff's* request to conduct the deposition of Dr. Ciesla in mid-March 2008, when the doctor is

---

[1] On February 1, 2008, this Court modified its Scheduling Order as requested in the motion as follows: Discovery Deadline-April 15, 2008; Status Conference-April 22, 2008 at 9:45 a.m.; Dispositive Motions-April 29, 2008; Opposition to Dispositive Motions-May 13, 2008; Reply to Opposition to Dispositive Motions -May 20, 2008.

visiting the Washington, D.C. Metropolitan Area.  Whether explicitly or implicitly, Plaintiff's e-mail bespeaks at least a 44-day extension in the discovery deadline.  Nothing in Plaintiff Schoenborn's e-mail suggests that discovery be closed or that the discovery deadline be set at March 3, 2008.

4. In the case styled Molly Blasko et al. v. WMATA, the Defendant anticipates the depositions of the following witnesses: John McGhee, M.D. (Decedent's brother),  Kevin McGrail, M.D. (Plaintiff's expert), Michael Batipps, M.D. (Plaintiff's expert), Richard Lurito, Ph.D. (Plaintiff's economist), Marie-Lydie Pierre-Louis, M.D.  (D.C. Medical Examiner),  Romergryko Geocadin, M.D. (Defendant's expert) and David Ciesla, M.D. (Defendant's expert).  In this case, depositions have been tentatively set through the end of March 2008, thus, the requested 60-day extension in the discovery deadline.

5. Discovery closed on January 31, 2008.  Despite three sets of attorneys, undersigned counsel was charged with the task of filing the appropriate motion *for all counsel* requesting an Order that would govern these court proceedings *in both cases*, including discovery. (See, **EXHIBIT 2**)

6. Accordingly, undersigned counsel crafted a consent motion with a proposed a Scheduling Order that would  accommodate the discovery needs of all counsel in both cases within a time frame that was doable.

7. The only Oder governing the timing of discovery in these cases was [at that time] this Court's Scheduling Order dated August 28, 2008

issued pursuant to F.R.C.P. 16.  F.R.C.P. 16(b)(4) governs the modification of a Scheduling Order on a showing of good cause that includes demonstrable diligence to engage discovery.  F.R.C.P. 16 does not address discovery on a deposition-specific basis.  Accordingly, undersigned counsel in good faith and based on post-mediation discussions, telephone conversations, e-mails and correspondence with two sets of attorneys filed the Consent Motion to Modify Scheduling Order requesting this Court to extend the discovery deadline incident to F.R.C.P. 16(b)(4).

8. Undersigned counsel genuinely believed that there was no discovery dispute:  All parties in both cases agreed to the conduct of additional depositions and an extension in the discovery deadline seemed the appropriate relief.  It was up to undersigned counsel to fashion a motion which proposed a Scheduling Order with dates that were workable.  At worst, undersigned counsel, misinterpreted the communications of Plaintiff Schoenborn's counsel

9. Undersigned counsel submits that he is not guilty of any willful misrepresentation of fact and that he did not file the motions in bad faith. Undersigned counsel apologizes for any confusion caused by the filing of the original Consent Motion to Modify Scheduling Order and supplemental motion.

10. If the Court determines that a sanction is warranted, undersigned counsel requests that it be reasonable, commensurate with the above-

described circumstances of the motions' filing and measured by the good intentions of undersigned counsel, whose exchanges with Plaintiff Schoenborn's counsel and Plaintiff Blasko's counsel have been amicable, courteous and professional.

**WHEREFORE**, having responded to this Court's Show Cause Order issued February 1, 2008, the Defendant Washington Metropolitan Area Transit Authority requests that this Honorable Court rule in a manner consistent with the above representations and the equities of the circumstances and for such other and further relief as to this Honorable Court deems just and proper.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

/s/
Nicholas S. Nunzio, Jr.
Unified Bar No: 362578
Assistant General Counsel-WMATA
600 5th Street, N.W.
Washington, D.C. 20001
Telephone: (202) 962-1028
Facsimile: (202) 962-2550
E-mail: nnunzio@wmata.com

**VERIFICATION**

___**I DECLARE under penalties of perjury that the contents of the foregoing Reply to Show Cause Order of February 1, 2008 are true and correct.**

/s/
**Nicholas S. Nunzio, Jr.**

## **CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on this 4th day of February 2008 a copy of the foregoing **Reply to Show Cause Order of February 1, 2008**, was electronically filed and served on the following attorneys:

Peter C. Grenier, Esquire
Michael K. Hibey, Esquire
BODE & GRENIER, L.L.P
1150 Connecticut Avenue, N.W., Ninth Floor
Washington, D.C. 20036
pgrenier@bode.com

Patrick M. Regan, Esquire
Paul J. Cornoni, Esquire
Regan, Zambri and Long, PLLC
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
pregan@reganfirm.com

                                                                          /s/
                                        Nicholas S. Nunzio, Jr.
                                        Unified Bar No: 362578
                                        Assistant General Counsel-WMATA
                                        600 5th Street, N.W. Room
                                        Washington, D.C. 20001
                                        Telephone: (202) 962-1028
                                        Facsimile: (202) 962-2550
                                        E-mail: nnunzio@wmata.com

**From:** "Michael Hibey" <mhibey@bode.com>
**To:** "'Nicholas Nunzio'" <nnunzio@wmata.com>
**Date:** 1/29/2008 4:23:07 PM
**Subject:** depositions

Nicholas:

Following up on our brief conversation earlier today about deposition scheduling, Dr. Edelman is available for deposition any day March 10-13. Greg Schoenborn is pretty flexible, but the dates he had previously given me have passed for the most part. I need to speak with him again, but we should be able to get him done sometime in February.

As far as Dr. Ciesla, we would appreciate if you can tell us when he will be in the DC in mid-March when you find out on Monday. It looks like that would be our preference, and we would like to set it as soon as possible, so please let us know when you know.

We are waiting for dates for Dr. Geocadin.

Thanks,
Mike

Michael K. Hibey
Bode & Grenier LLP
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C. 20036
Telephone: 202-862-4307
Facsimile: 202-828-4130
www.bode.com

**EXHIBIT 1**

# REGAN ZAMBRI & LONG, PLLC
*EXPERIENCED TRIAL ATTORNEYS*

1919 M STREET NW • SUITE 350 • WASHINGTON, DISTRICT OF COLUMBIA 20036-3513
PHONE 202-463-3030 • WWW.REGANFIRM.COM • FAX 202-463-0667

PATRICK M. REGAN
VICTOR E. LONG
SALVATORE J. ZAMBRI
PAUL J. CORNONI
JACQUELINE T. COLCLOUGH
CATHERINE D. BERTRAM
AMY S. GURGLE
JULIE L. MITCHELL

VIRGINIA OFFICE
703-549-9663

MARYLAND OFFICE
301-762-8464

PATRICK M. REGAN
Board Certified, Civil Trials
National Board of Trial Advocacy
Admitted in DC, VA & MD
DIRECT: 202-822-1880
PREGAN@REGANFIRM.COM

January 29, 2007

**By Email & Facsimile: (202) 962-2550**

Nicholas S. Nunzio, Jr., Esquire
Assistant General Counsel
WMATA – COUN
600 Fifth Street, NW
Washington, DC 20001

Re:  *Blasko v. WMATA*
     DDC 07 CV 00833 (RMU)

Dear Nick:

When we spoke last week concerning extending discovery, it was my understanding that you were going to review Judge Urbina's Order concerning his timeliness requirements for such motions. If you intend to file a motion to extend discovery, we will consent, as long as it is timely. In the meantime, we are contacting the experts and other witnesses to determine available dates.

Very truly yours,

*Patrick M. Regan/ek*

Patrick M. Regan

PMR/ek.203128
cc: Paul Cornoni, Esquire
DICTATED BY MR. REGAN BUT SIGNED IN HIS ABSENCE TO AVOID DELAY.

**EXHIBIT 2**